IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Petitioner,*<br><br>  v.<br><br>EXELON CORPORATION,<br><br>    *Respondent.* | Supplemental Action to<br>Civil No. 1:11-cv-02276<br><br>**FILED**<br>NOV 27 2012<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia |

**SETTLEMENT AGREEMENT AND ORDER**

WHEREAS Petitioner United States of America, having filed its Petition by the United States for an Order to Show Cause Why Respondent Exelon Corporation Should Not Be Found in Civil Contempt ("Petition to Show Cause") on November 14, 2012, and the United States and Exelon Corporation ("Exelon") having consented to the entry of this Settlement Agreement and Order without trial or adjudication of any issue of fact or law herein, and without this Settlement Agreement and Order constituting any evidence against or an admission by Respondent Exelon with respect to any allegation contained in the Petition to Show Cause;

WHEREAS Exelon has represented in proceedings before the Federal Energy Regulatory Commission and the Maryland Public Service Commission that it will make remedial payments that are in excess of any market harm that may have been caused by its error, as estimated by PJM, the independent regional transmission organization overseeing the relevant area;

NOW, THEREFORE, before the taking of any testimony and without trial or adjudication of any issue of fact or law herein, and upon the consent of the parties hereto, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## I. JURISDICTION

This Court has jurisdiction over the subject matter of this action and over each of the parties consenting hereto under its inherent power to enforce compliance with its orders and under Section XII of the Final Judgment entered by this Court on May 23, 2012, in *United States v. Exelon Corporation, et al.*, Civil Action No. 1:11CV02276 (D.D.C. 2011) ("Final Judgment").

## II. APPLICABILITY AND EFFECT

A.  The provisions of this Settlement Agreement and Order shall be binding upon Exelon, its successors and assigns, and those persons in active concert or participation with Exelon who receive actual notice of this Settlement Agreement and Order.

B.  This Settlement Agreement and Order constitutes a full and complete disposition of Exelon's violations of Section VIII of the Final Judgment and Section VI.A. of the Hold Separate Stipulation and Order ("Hold Separate Order") and all matters referenced in the Petition to Show Cause.

C.  Nothing in this Settlement Agreement and Order shall bar the United States from seeking, or the Court from imposing on Exelon, any other relief available under any applicable provision of the Final Judgment, Hold Separate Order, or this Settlement Agreement and Order other than the violations set forth in the Petition to Show Cause.

## III. CIVIL PAYMENT

I.  Within thirty (30) days of entry of this Settlement Agreement and Order, Exelon shall pay $400,000 to the United States, which constitutes disgorgement of profits and reimbursement to the United States for its attorneys fees and costs incurred during its investigation of the violations described in the Petition to Show Cause.

II. The payment specified in Paragraph III.A. shall be made by wire transfer. Exelon will contact the Antitrust Division's Antitrust Documents Group at (202) 514-2481 for instructions two weeks prior to the date of transfer.

III. In the event of a default in payment, interest at the rate of eighteen (18) percent per annum shall accrue thereon from the date of default to the date of payment.

IV. Exelon shall not claim this payment, in whole or in part, as a deductible expense by them, their subsidiaries, divisions or affiliates for tax purposes under any state tax code, the United States Tax Code, or the tax code of any other country.

## IV. RETENTION OF JURISDICTION

Jurisdiction is retained by this Court for the purpose of enabling the parties to this Settlement Agreement and Order to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Settlement Agreement and Order, for the enforcement of compliance herewith, and for the punishment of any violations hereof.

Dated: 11/26/12

_____
EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE